John Macaluso (JM 2058)
Walter-Michael Lee (WL 6353)
Maja Szumarska (MS 0208)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROZA KHAMITOVA, | CASE NO. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| LEONARD OH and EUNICE OH, individually and jointly, d/b/a "LETO COLLECTION" d/b/a "MORNINGSTAR COLLECTION" and "JOHN DOES" 1-10; | |
| Defendants. | |

Roza Khamitova ("Plaintiff") through her attorneys Gibney, Anthony & Flaherty, LLP,

complaining of defendants Leonard Oh and Eunice Oh, individually and jointly, d/b/a "LETO

Collection" d/b/a "Morningstar Collection" and John Does 1-10 (hereinafter collectively referred

to as "Defendants") states as follows:

### STATEMENT OF THE CASE

1.   This is a suit by Plaintiff against Defendants for injunctive relief, actual or statutory

damages, attorneys' fees and costs for willful copyright infringement. Defendants are being sued

by Plaintiff as a result of Defendants' offers for sale, sale, distribution, promotion and

advertisement of merchandise bearing unauthorized reproductions of Plaintiff's copyrighted design.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the federal copyright claims under 28 U.S.C. §§ 1331 and 1338(a) and 17 U.S.C. § 501.

3.    Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

4.    Upon information and belief, Defendants market, advertise, sell and support their infringing merchandise throughout the United States, including this District, by means of the Internet.

5.    Defendants are subject to the Court's jurisdiction because they have committed the acts complained of herein in this District and do business in this District.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

7.    Plaintiff is an individual domiciled in Australia.

8.    Upon information and belief, Leonard Oh ("Leonard") is an individual residing at 5572 Thelma Avenue, La Palma, CA 90623.

9.    Upon information and belief, Eunice Oh ("Eunice") is an individual residing at 21 Bayberry, Buena Park CA 90620.

10.   Upon information and belief, Defendants do business under the names: "LETO Collection" and "Morningstar Collection". "LETO Collection" and "Morningstar Collection" are fictitious business names that are not registered to do business in California or in any other State.

2

11.   Upon information and belief, Defendants are the owners, operators, controlling forces and responsible for the day-to-day operations behind the website: letocollection.com (the "Website").

12.   The identities of "John Does" 1-10 are not currently known to Plaintiff, but, upon information and belief, they are associated with Defendants and materially contribute to its infringement of Plaintiff's rights. Plaintiff will identify these John Does upon further knowledge and investigation and will amend her pleadings accordingly.

## FACTUAL ALLEGATIONS

13.   Plaintiff is the owner of the federally registered A0001934073 copyright registration entitled "Wings, The Collection" (the "Wings Design").   Plaintiff is the owner of sole and exclusive world-wide rights, including the United States, to the Wings Design.  A true and accurate copy of the copyright registration is attached hereto as **Exhibit A.**

14.   Plaintiff is the well-known designer, manufacturer and distributor of women's clothing that bears Wings Design.

15.   On or about May 17, 2015, Plaintiff discovered that Defendants were offering for sale and selling merchandise that bore unauthorized reproductions of the Wings Design (the "Infringing Merchandise") on their Website.

16.   Defendants do business under the "LETO Collection" and "Morningstar Collection" names. However, these are fictitious business entities not authorized to do business anywhere in the United States. Defendants' clandestine business dealings further evidence that their infringement is willful.

17.   On or about May 18, 2015, Plaintiff sent Defendants an email demanding that they

immediately cease their unauthorized use of the Wings Design on their products.

18.     On or about May 19, 2015, Leonard personally responded to Plaintiff's email and assured Plaintiff that "no copyright was intentionally infringed upon".

19.     On or about May 20, 2015, Defendants removed the infringing merchandise from the Website.

20.     On May 21, 2015 and June 1, 2015, Plaintiff's counsel sent Defendants additional letters concerning this matter, to which a response was never been received.

21.     Despite several letters and communicating with Plaintiff, Defendants continued their unlawful activities concerning the Wings Design.

22.     On or about June 15, 2015, Plaintiff's investigator visited Defendants' warehouse located at 1149 S. Boyle Avenue, Los Angeles, CA 90023 (the "Warehouse").  At that time, Plaintiff's investigator met with Eunice and inquired about the Infringing Merchandise.

23.     Eunice confirmed that Defendants observed Plaintiff's designs on etsy.com ("Etsy") and had its Chinese manufacturer produce scarves with Plaintiff's designs.

24.     Eunice acknowledged that Defendants had legal issues in connection with their sale of Infringing Merchandise on the Website.

25.     Eunice admitted that Defendants were still selling the Infringing Merchandise, but were no longer advertising the Infringing Merchandise on the Website in order to avoid further legal issues.

26.     Eunice escorted Plaintiff's investigator to the place where Defendants were storing the Infringing Merchandise in the Warehouse.  Plaintiff's investigator discovered that Defendants had at least four (4) cardboard boxes filled with Infringing Merchandise in three (3) different

styles.

27.    Eunice admitted that Defendants were selling the Infringing Merchandise to customers.

28.    Eunice offered to ship Infringing Merchandise to New York and directed Plaintiff's investigator to contact her directly for future orders.

29.    Plaintiff's investigator purchased nine (9) scarves (three in each style) for a total of $49.50.

30.    On or about June 17, 2015, Plaintiff's investigator contacted Eunice in order to purchase nine (9) additional scarves (three in each style) and have them shipped to New York (the "Order").

31.    On or about July 16, 2015, Plaintiff's investigator received the Order. The Order contained the Infringing Merchandise.

32.    On or about July 23, 2015, Plaintiff's investigator contacted Eunice once again in order to purchase Infringing Merchandise. Eunice advised Plaintiff's investigator that Defendants have three hundred twelve (312) pieces of Infringing Merchandise available for sale.

33.    On or about August 12, 2015, Plaintiff's investigator hand delivered a letter to Defendants demanding that they cease their infringement of the Wings Design and informing them of the consequences if they failed to do so.

34.    It is clear that Defendants will continue to infringe Plaintiff's rights.

### FIRST CAUSE OF ACTION
**(Federal Copyright Infringement,
17 U.S.C. § 501)**

35.  Upon information and belief, each Defendant has from time to time within the past three years unlawfully distributed illegally imported and/or illegally reproduced copies of the Wings Design.

36.  Plaintiff has never authorized Defendants, by license or otherwise, to import, duplicate or distribute such unauthorized reproductions of the Wings Design.

37.  Defendants' acts, as hereinabove alleged are infringements of Plaintiff's exclusive rights under Copyright.

38.  Defendants have committed all the aforesaid acts of infringement deliberately and willfully.

39.  Defendants have continued to infringe said copyright and unless permanently enjoined by order of this Court, will continue to infringe said copyright, all to Plaintiff's irreparable injury. Plaintiff is without an adequate remedy at law.


### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

I.    That Defendants be enjoined permanently from:

(a)  importing, duplicating, manufacturing and/or copying any of Plaintiff's copyrighted designs; and

(b)  from in any manner infringing or contributing to or participating in the infringement by others of any of the copyrights in Plaintiff's copyrighted designs, and from acting in concert with, aiding or abetting others to infringe any of said copyrights in any way;

II.     That Defendants be required to pay to Plaintiff actual or statutory damages, if Plaintiff so elects, of up to $30,000 for each copyrighted work infringed for all infringements with respect to that work.  If the Court finds that any infringement was committed willfully, Plaintiff prays for statutory damages, if Plaintiff so elects, of up to $150,000 for each copyrighted work infringed for all willful infringements with respect to that work;

III.    That Plaintiff recovers her costs of suit including reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

IV.     That Plaintiff has such other and further relief as this Court deems just and proper;

V.      That Defendants, within ten (10) days of judgment, take all steps necessary to remove all text or other media offering for sale any merchandise bearing the Wings Design, or marks substantially indistinguishable therefrom;

VI.     That Defendants be required to deliver up for destruction to Plaintiff all unauthorized materials bearing any of the Wings Design in association with unauthorized goods or services and the means for production of same pursuant to 17 USC § 503;

VII.    Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof;

VIII.   Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Plaintiff;

IX.     Due to the advertising injury caused to Plaintiff, Defendants be required to deliver to Plaintiff for destruction, all goods that were being advertised, promoted or offered for sale, as well as any and all catalogs, circulars, or other printed material in their possession or control

displaying or promoting the infringing goods that were or are being advertised, promoted, or offered for sale; and

    X.    Awarding to Plaintiff such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Plaintiff has incurred in connection with this action.

Dated: *NOV. 5*   , 2015

                              **GIBNEY, ANTHONY & FLAHERTY LLP**

                              By: _____

                              John Macaluso (JM 2058)
                              Walter-Michael Lee (WL 6353)
                              Maja Szumarska (MS 0208)
                              665 Fifth Avenue
                              New York, New York 10022
                              Telephone: (212) 688-5151
                              Facsimile: (212) 688-8315
                              Attorney for Plaintiff